# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RICHARD WILSON,

       Plaintiff,       :       Case No. 3:10-cv-054

                                    District Judge Walter Herbert Rice
   -vs-                            Magistrate Judge Michael R. Merz

                            :

MARY KATE HUFFMAN, Judge,

       Defendant.

---

## REPORT AND RECOMMENDATIONS; ORDER DENYING RECUSAL OF MAGISTRATE JUDGE; ORDER TO THE CLERK

---

      Plaintiff Richard Wilson brought this action *pro se* pursuant to 42 U.S.C. § 1983 to complain of actions taken against him by The Honorable Mary Kate Huffman, Judge of the Montgomery County Common Pleas Court, in her capacity as judge.

### Application to Proceed *in forma pauperis*

      Plaintiff seeks leave to proceed *in forma pauperis,* averring that he has been granted that status before and his circumstances have not changed. The Application is granted, but Plaintiff is cautioned that any further filings of new cases must be accompanied by a fresh affidavit of indigency.

**Recusal Request**

The case was assigned randomly upon filing to United States District Judge Walter Herbert Rice and Magistrate Judge Michael R. Merz. Because Plaintiff is proceeding *pro se,* the case was also automatically referred to Magistrate Judge Merz under the Dayton General Order of Assignment and Reference. Plaintiff requests that both these judicial officers "be excluded from any participation in this case or any matters relating to the Plaintiff due to conflict of interest" and refers the reader for verification to Sixth Circuit Case No. 09-3591 (Doc. No. 2). The referenced Sixth Circuit case is a currently pending appeal from the dismissal of this Court's Case No. 3:09-cv-094. That case, which arose out of the same controversy as the present case, was brought on a Petition for writ of habeas corpus to stay or dismiss felony proceedings against Plaintiff in the Montgomery County Common Pleas Court. On Report and Recommendations of Magistrate Judge Merz, Judge Rice dismissed that case without prejudice under *Younger v. Harris,* 401 U.S. 37 (1971), because the criminal proceedings were ongoing (See R&R, Doc. No. 3, and Order and Judgment, Doc. Nos. 4 & 5.)

Plaintiff's apparent argument is that, because Judges Rice and Merz decided against him in the prior case, they have a "conflict of interest" that prevents them from considering the present case. However, a federal judge has no disqualifying interest arising from his having decided a prior case a particular way.

> [J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion. See *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 16 L. Ed. 2d 778 (1966). ... [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

*Liteky v. United States,* 510 U.S. 540 (1994); *see also Alley v. Bell*, 307 F. 3d 380, 388 (6th Cir.

2002)(quoting the deep-seated favoritism or antagonism standard).

Because Plaintiff has presented no valid basis for recusal, the Magistrate Judge declines to recuse himself and respectfully recommends that Judge Rice do the same for the same reasons.

### § 1915 Analysis

Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. 28 U.S.C. §1915(e)(2), as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA"), reads as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal --
>     (I) is frivolous or malicious;
>     (ii) fails to state a claim upon which relief can be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989). In deciding whether a complaint is "frivolous," that is, the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong. Rather the test is an objective one: does the complaint have an arguable basis in law or fact?

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324*; McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997); *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir. 1984). The Court "is not bound, as it usually

is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d at 349. Dismissal is permitted under §1915(e) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters*, 753 F.2d 498 (6th Cir. 1985), disagreed with by *Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985); *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985).

The relevant underlying facts were set forth in the Report and Recommendations in Case No. 3:09-cv-094:

> Petitioner was indicted by the Montgomery County Grand Jury on June 4, 2008, on two counts of non-support of his daughter. (Indictment in case 2008 CR 1931, available on the website of Montgomery County Clerk of Courts Gregory Brush). According to the Common Pleas Court's docket in the case, Petitioner was arrested on July 16, 2008. A not guilty plea was entered for him when he stood mute at arraignment on July 17, 2008. He was released on a conditional own recognizance bond the next day and was granted diversion from the criminal justice system on August 21, 2008. However, on January 9, 2009, Judge Huffman ordered the issuance of an absconder warrant which remains outstanding, again according to the docket.

*Id.,* Doc. No. 3, at 1. According to the Complaint, this basic set of facts remains unchanged: Plaintiff departed the United States and has not re-entered because he understands he is not allowed to; he considers the absconder warrant laughable (Complaint, Doc. No. 1, at 2.)

On this state of facts, Plaintiff seeks damages from Judge Huffman, injunctive relief requiring her to recuse herself, and unspecified declaratory relief. He claims his assets, earned in another country, are outside the jurisdiction of any court in the United States under the "International Act of Reciprocal Enforcement of Maintenance Order." Again according to Plaintiff, the Ohio authorities have applied to a court in the United Kingdom under this act or treaty "with Plaintiff's complete approval." He asserts, however, that this adds "considerable weight to the Plaintiff's case for false arrest, false imprisonment, violation of his rights by this judge and the state of Ohio. *Id.*

4

The flaw in Plaintiff's reasoning appears to be his belief that because the Ohio authorities have a civil remedy to enforce his child support obligation under REMO, they lack criminal jurisdiction. But Plaintiff admits he has a daughter who was in Ohio in 2008, and he does not deny that Ohio has a statute making non-support a crime, that he was indicted for that committing that crime by the Montgomery Count Grand Jury, and that he was arrested on that indictment. This Court knows of no law which under those circumstances would deprive the Montgomery County Common Pleas Court of either subject matter over the case or personal jurisdiction over the Plaintiff.

Upon that set of facts, Judge Huffman is absolutely immune from any damages liability. The common law absolute immunity of judges was first recognized in this country in *Bradley v. Fisher,* 80 U.S. (*Wall*) 355, 20 L. Ed. 646 (1872). It was explicitly extended to actions under 42 U.S.C. § 1983 in *Pierson v. Ray,* 386 U.S. 547 (1967), and *Stump v. Sparkman*, 435 U.S. 349 (1978). The immunity is lost only when judges act in the clear absence of all jurisdiction. *Id.* at 362; *King v. Love*, 766 F.2d 962 (6th Cir. 1985); *Schorle v. City of Greenhills,* 524 F. Supp. 821, 828 (S.D. Ohio 1981). When a plaintiff alleges that a judge acted in a non-judicial capacity, the Sixth Circuit relies "on a functional analysis to determine which acts are protected, meaning that one must determine whether the actions are truly judicial acts or 'acts that simply happen to have been done by judges.'" *Mann v. Conlin*, 22 F.3d 100 (6th Cir. 1994), quoting *Morrison v. Lipscomb*, 877 F.2d 463, 465 (6th Cir. 1989)(quoting *Forrester*, 484 U.S. at 227). "Paradigmatic judicial acts' are those that involve resolution of disputes "between parties who have invoked the jurisdiction of a court...." *Forrester,* 484 U.S. at 227. While subject matter jurisdiction may be narrowly construed for other purposes, when the issue is judicial immunity, it is to be broadly construed. *Duty v. City of Springdale, Arkansas,* 42 F.3d 460, 461 (8th Cir., 1994). Conversely, exceptions to judicial immunity are to be narrowly construed. *Adams v. McIlhany*, 764 F.2d 294, 298 (5th Cir. 1985). A judge does not act in the clear absence of all jurisdiction if he or she merely acts in excess of his or

5

her authority. *Doe v. McFaul*, 599 F. Supp. 1421, 1431 (N.D. Ohio 1984).

Plaintiff's argument that because Judge Huffman did not follow the law in her dealings with him, she became a "trespasser of the law" and lost her immunity is not a valid proposition of American law. *Scheuer v. Rhodes*, 416 U.S. 232 (1974), relied on by Plaintiff (Complaint at 3.) did not involve the question of judicial immunity at all; rather, the Supreme Court held that executive officials of a State do not have absolute immunity under § 1983. *United States v. Will*, 449 U.S. 200 (1980), was not an action against judges, but an action by judges against the United States under the Compensation Clause. Neither of these cases supports any individual liability claim against Judge Huffman.

If Plaintiff is intending to sue Judge Huffman in her official capacity, that would amount to a suit against the State of Ohio. Any such suit is barred by the Eleventh Amendment to the United States Constitution. The Eleventh Amendment to the United States Constitution provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State.

It was adopted to overrule the very unpopular decision in *Chisholm v. Georgia*, 2 Dall. 419 (1793). It has been construed to bar suits against a State by its own citizens. *Papasan v. Allain,* 478 U.S. 265, 276 (1986); *Hans v. Louisiana*, 134 U.S. 1 (1890); *Edelman v. Jordan*, 415 U.S. 651(1974); *Florida Dep't. of State v. Treasure Salvors, Inc.*, 458 U.S. 670 (1982). The Amendment also bars actions against state agencies where the State is the real party in interest and the action seeks to recover money from the state treasury. *Estate of Ritter v. University of Michigan,* 851 F.2d 846, 848 (6th Cir. 1988); *Ford Motor Company v. Dep't. of Treasury of State of Indiana*, 323 U.S. 459(1945); *Quern v. Jordan*, 440 U.S. 332 (1979).

Plaintiff also seeks injunctive relief requiring Judge Huffman to recuse herself in his Common Pleas case. That request should also be dismissed for the same reasons that the Plaintiff's

6

two prior cases were dismissed: such an order would constitute an interference with an ongoing state criminal case which is forbidden by *Younger v. Harris, supra.* Furthermore, Plaintiff has not stated a claim for recusal which is cognizable under the United States Constitution. Compare *Caperton v. A.T. Massey Coal Co.*, 556 U.S. ___, 129 S. Ct. 2252 (2009).

It is accordingly respectfully recommended that the Complaint herein:

1. Insofar as it seeks money damages against Judge Huffman individually, be dismissed with prejudice as barred by judicial immunity;

2. Insofar as it seeks money damages against Judge Huffman in her official capacity, be dismissed without prejudice for lack of subject matter jurisdiction under the Eleventh Amendment; and

3. Insofar as it seeks injunctive and declaratory relief, be dismissed without prejudice as barred by the abstention doctrine of *Younger v. Harris, supra.*

### Order to the Clerk

The Clerk is ordered not to issue process herein pending further Court order.

February 9, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely

motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).