# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RICHARD WILSON,

      Plaintiff,  :  Case No. 3:10-cv-054

                                     District Judge Walter Herbert Rice
  -vs-                              Magistrate Judge Michael R. Merz

                                   :

MARY KATE HUFFMAN, Judge,

      Defendant.

## SECOND DECISION AND ORDER DENYING RECUSAL OF THE MAGISTRATE JUDGE

This case is before the Court on Plaintiff's Motion to Recuse both Magistrate Judge Michael R. Merz and District Judge Walter Herbert Rice (Doc. No. 5). Plaintiff had previously requested recusal of both judges when he first filed this action (Doc. No. 2). This Decision applies only to the Magistrate Judge because every federal judicial officer must decide recusal motions for himself or herself in the first instance.

In the prior Motion, Plaintiff has requested recusal on the basis of what he called a conflict of interest because both judges were involved in his prior habeas corpus case (Case No. 3:09-cv-094) which is presently on appeal to the United States Court of Appeals for the Sixth Circuit (6th Cir. Case No. 09-3591). For the reasons stated in the prior Decision, having had a prior case with a litigant which is on appeal does not create a conflict of interest, so that claim for recusal was without merit and was denied.

In his renewed Motion, Plaintiff relies on 28 U.S.C. § 455 and *Marshall v. Jerrico, Inc.*, 446 U.S. 238 (1980). He asserts:

    The above mentioned Judge has in the past deliberately violated other

> litigant's personal liberties and/or has wantonly refused to provide due process and equal protection to all litigants before the court or has behaved in a manner inconsistent with that which is needed for full, fair, impartial hearings.

(Motion to Recuse, Doc. No. 5, at 1.) He adverts to a purported

> Exhibit 1 detailing prior unethical and/or illegal conduct or conduct which gives Petitioner good reason to believe the above Judge cannot hear the above case in a fair and impartial manner.

*Id.* at 2. He repeats the allegation from the first Motion that Judge Rice and the undersigned are involved in the appeal of his prior case. *Id.* Then he asserts that we "are also related to a member of Plaintiff's ex-wife. . ." *Id.* He concludes by asserting that we have a personal bias against him. *Id.*

The Motion to Recuse the Magistrate Judge is denied on the following bases:

1. As stated in the prior Decision, involvement in a litigant's prior case does not create a conflict of interest preventing a judge from hearing a subsequent case involving the same litigant, whether or not the first case has been appealed.

2. While the Magistrate Judge denies having deliberately denied other litigants' personal liberties or wantonly refused to provide due process to such other litigants, even if it were true it would not give Plaintiff a basis for recusal. Recusal is a matter specific to particular cases. Were the Magistrate Judge guilty of wantonly refusing due process, the remedy would be removal from office for all cases.

3. There is no attached Exhibit 1.

4. The Magistrate Judge is not related to Plaintiff's ex-wife or even know her.

Therefore, Plaintiff's second Motion to Recuse is denied.

February 26, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge